IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hilex Poly Co. LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:09-cv-399-TLW |
| | ) | |
| Omega Plastics Corporation and Omega Extruding Corp. of California, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

This matter is now before the Court for consideration of Plaintiff Hilex Poly Co. LLC's, ("Hilex") Motion to Dismiss Counterclaims One, Two, Three and Four, filed by Defendants Omega Plastics Corporation and Omega Extruding Corporation, ("Omega"), under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. # 25). On May 26, 2009, Defendants Omega filed a Response in Opposition. (Doc. # 38). Hilex filed a Reply on June 5, 2009. (Doc. # 41). The Court has carefully considered the pleadings, motions, and memoranda of the parties, and this matter is now ripe for disposition.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions" and that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

Plaintiff Hilex brought this suit on February 17, 2009, alleging the following causes of action: 1. Breach of Contract, 2. Breach of Contract Accompanied by a Fraudulent Act, 3. Violation of the South Carolina Unfair Trade Practices Act, 4. Accounting, 5. Breach of the Common Law covenant of Good Faith and Fair Dealing, and 6. Unjust Enrichment. (Doc. # 1). In summary, Hilex alleges that it assigned the rights to use certain patents to Omega after reaching a Settlement Agreement with Omega in conjunction with previous litigation. Hilex alleges, among other things, that Omega has failed to pay royalties as provided by their Agreement, and as a result, Hilex has suffered damages.

Omega filed its Answer on April 8, 2009. (Doc. # 20). In its Answer, Omega responds to several paragraphs of Hilex's Complaint by stating, "Omega admits that Plaintiff alleges . . . ." (Answer at ¶¶ 8, 10, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 41, 45, 46, 47, 50 and 51), (Doc. # 20). Omega asserts the following counterclaims, quoted verbatim as they appear in Omega's Answer:

2

1. "Antitrust Violation, Sherman Act, 15 U.S.C. § 1 et seq.," 2. "Patent Misuse," 3. "Unfair Competition, South Carolina Statutory and Common Law," 4. "Unjust Enrichment," 5. "Breach of Contract, South Carolina Statutory and Common Law," and 6. "Declaratory Judgment and Injunctive Relief." It is the first four counterclaims that Hilex challenges in its 12(b)(6) motion.

First, the Court notes that Omega has pleaded its counterclaims generally, with some facts specifically alleged in support of its claims. This Court determines that, after considering the analysis provided by Iqbal and Twombly, and other cited caselaw, Omega's counterclaims are just sufficiently pled to survive the motion to dismiss filed pursuant to Rule 12. Factual contentions or allegations should have evidentiary support, and denials of factual contentions should be based on the evidence. Courts have the authority to address allegations made with no likelihood of factual support. (See e.g., Enercon GmbH v. Erdman, 13 Fed.Appx. 651 (9th Cir. 2001) (unpublished opinion).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss defendants' counterclaims is **DENIED**. (Doc. # 25).

**IT IS SO ORDERED**.

    s/Terry L. Wooten_____
    TERRY L. WOOTEN
    United States District Judge

March 16, 2010
Florence, South Carolina