IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hilex Poly Co. LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:09-399-TLW |
| | ) | |
| Omega Plastics Corporation and Omega Extruding Corp. of California, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter is now before the Court for consideration of the plaintiff Hilex Poly Co. LLC's, ("Hilex"), motion for partial summary judgment on counterclaims and certain affirmative defenses proffered by the defendants Omega Plastics Corporation and Omega Extruding Corporation of California, ("Omega"), filed on May 17, 2010. (Doc. # 59). Omega filed a response in opposition on June 8, 2010. (Doc. # 69). The Court has carefully considered the motions, memoranda, and exhibits submitted by the parties, and drawn all reasonable factual inferences in favor of the non-moving party.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the moving party bears this initial responsibility, the nonmoving party must then produce specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 334. In satisfying this burden, the nonmoving party must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, it must produce evidence on which a jury could reasonably find in its favor. See Anderson, 477 U.S. at 252.

In considering the motion for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. See Miltier v. Beorn, 869 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

## DISCUSSION

Plaintiff Hilex brought this suit on February 17, 2009. (Doc. # 1). In summary, Hilex alleges that it assigned the rights to use patents referred to as the '788 patent and the '580 patent to Omega after reaching a Settlement Agreement with Omega in prior litigation. Hilex alleges

that, as part of the Agreement, Omega admitted that the Hilex patents subject to the Agreement were both valid and enforceable. Additionally, Hilex contends that Omega admitted that it had infringed upon one or more of the patents at issue. Hilex now argues that Omega has failed to pay royalties as provided by their Agreement, and as a result, Hilex has suffered damages. Omega filed several counterclaims, which it notes are based primarily on the allegation that the scope of the license under the Agreement exceeds the scope of Hilex's patents.

The plaintiff first seeks summary judgment on Omega's affirmative defenses of invalidity and unenforceability. Hilex argues that where a patent license is part of a settlement agreement ending litigation, licensees are contractually estopped from challenging the validity of the underlying patents as a matter of law. See Flex-Foot Inc. v. CRP Inc., 238 F.3d 1362, 1370 (Fed. Cir. 2001). In response, Omega asserts that its affirmative defneses should be allowed to stand because the terms of the agreement which Hilex argues precludes Omega from asserting these defenses will be voided if Omega succeeds on its counterclaims. Omega argues that because the Settlement Agreement is subject to being voided on antitrust and patent misuse grounds, its statement in the Agreement that the Hilex '788 and '580 patents are valid and enforceable is also subject to being voided.

Reviewing the record before the Court in a light most favorable to the defendant as non-moving party, this Court finds the arguments presented by the defendant sufficiently persuasive. This Court finds that Flex-Foot addressed the issue of whether a licensee is contractually estopped from challenging the validity and enforceability of a patent where the licensee had previously acknowledged the patent was valid and enforceable in a settlement agreement. Flex-Foot, 238 F.3d at 1370. However, Flex-Foot does not address the issue of whether these defenses

may be asserted where the validity of the settlement agreement itself has been challenged. This Court found it appropriate to dismiss Omega's counterclaims upon Hilex's 12(f)(6) motion. As such, Omega still has counterclaims pending which challenge the validity of the Settlement Agreement. Therefore, this Court denies Hilex's motion for summary judgment on Omega's affirmative defenses of invalidity and unenforceability.

As a second argument, Hilex asserts that this Court should award summary judgment on Omega's counterclaims because Omega does not have a certificate of authority to transact business in the state of South Carolina. Hilex cites to S.C. Code 33-15-102, which states, "A foreign corporation transacting business in this State without a certificate of authority may not maintain a proceeding in any court in this State until it obtains a certificate of authority." Omega Plastics is a New Jersey Corporation, and Omega Extruding is a California corporation. Hilex contends Omega is transacting business in South Carolina because it entered into its License Agreement with Hilex in South Carolina.

This Court finds Hilex's position unpersuasive. Hilex has cited no authority which stands for the proposition that entering a single licensing agreement with a South Carolina corporation is sufficient to constitute "transacting business." In the declaration of Ed Miller, submitted by Omega, the president and chief operating officer of Omega Plastics states that Omega does not have, nor does it contemplate having any office, facility, employee, agent, or representative located in South Carolina. (Ex. A, Decl. of Ed Miller). The declaration also states that Omega has not contracted with any person or entity located in South Carolina to act on its behalf. Id. Further, Omega notes that it does not direct any advertising, marketing, or promotions into South Carolina or solicit business from persons or businesses located in South Carolina. Id. finally,

Omega states that it does not maintain an interactive website that offers products for sale or allows customers to communicate with Omega. Id. Accordingly, based upon the evidence and caselaw, this Court concludes that Hilex has failed to establish that Omega is "transacting business" in South Carolina. See also S.C. Code § 33-15-101.

## **CONCLUSION**

For the reasons set forth herein, the plaintiff's motion for partial summary judgment is **DENIED**. (Docs. # 59).

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

December 3, 2010
Florence, South Carolina